SCHIFFMAN LAW OFFICE, P.C.
HELPING THE INJURED AND DISABLED SINCE 1975

Lisa Counters, 016436
4506 N 12th Street
Phoenix, AZ 85014-4246
Voice: (602) 266-2667
Fax: (602) 266-0141
Lisa@Schiffmanlaw.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Baxter,<br><br>Plaintiff,<br>vs.<br><br>New York Life Insurance Company; and CBRE Services, Inc. Long Term Disability Benefit Plan,<br><br>Defendants. | No.<br><br>**COMPLAINT** |

For his claim against Defendants, Robert Baxter ("Robert") alleges as follows:

**<u>JURISDICTION AND VENUE</u>**

1. Robert is a resident of Maricopa County, Arizona.

2. Defendant New York Life Insurance Company ("NYLIC") is an insurance company domiciled in New York with its headquarters in New York, New York. NYLIC is authorized to do business in Maricopa County, Arizona.

3. On information and belief, NYLIC is the successor in interest to all policies issued by Life Insurance Company of North America ("LINA").

4. Defendant CBRE Services, Inc. Long Term Disability Benefit Plan ("Plan") is a purported ERISA benefit plan established and maintained by CHRE Services, Inc. ("CBRE") for the benefit of its employees. It provides long-term disability benefits ("LTD").

5. LINA was the underwriting company for the Plan. NYLIC, however, assumed responsibility from LINA as the underwriting company for the Plan.

6. This Court has jurisdiction over the Plan under ERISA 29 U.S.C. § 1132, and because the Plan and CBRE have caused events to occur in Arizona, out of which Robert's claims arise.

7. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a), (e), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 2201-02 (declaratory judgments).

8. Defendants reside and are found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

**GENERAL ALLEGATIONS**

9. CBRE provided certain employees with LTD benefits under the Plan.

10. Beginning on January 1, 2012, NYLIC provided LTD benefits to SRPMIC employees through an insurance policy, No. FLK-980105 ("Policy"). The Policy renews annually on January 1.

11. CBRE is the plan administrator and a plan fiduciary. (29 U.S.C. § 1102(a)(2) (fiduciary); 29 USC §1002(A)(16) (administrator)).

12. NYLIC is the Claim Administrator and is also a Plan Fiduciary.

13. The Policy is the only document constituting the Plan's written instrument under 29 U.S.C. § 1102(a)(1).

14. NYLIC determines who receives benefits and pays those benefits.

15. An employee is disabled when he is, solely due to injury or sickness, unable to perform the material duties of his Regular Occupation and unable to earn 80% or more in his Indexed Earnings from working his Regular Occupation.

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

16. "Regular Occupation" means the occupation he is routinely performing when his disability begins as it is normally performed in the general labor market in the national economy, rather than work tasks performed for a specific employer or at a specific location.

17. After 24 months of payments, an employee is disabled when NYLIC determines that, solely due to sickness or injury, he is unable to perform the material duties of any occupation for which he is, or may reasonably become, qualified based on education, training, or experience and unable to earn 80% of more of his Indexed Earnings.

18. The Policy contains discretionary language indicating that NYLIC grants itself discretion.

19. The Policy does not evidence that the Plan Administrator possesses discretion or the ability to delegate discretion.

20. Even if the Plan reserved discretion, there is no evidence that the Plan conferred discretion on NYLIC.

21. Without proper evidence of a discretion grant from CBRE Long Term Disability Benefit Plan to NYLIC, this claim should be reviewed *de novo*.

22. If the Court deems that abuse of discretion review is the standard of review, NYLIC's decision should be reviewed with heightened skepticism.

**COUNT I**

**RECOVERY OF INSURANCE AND PLAN BENEFITS**

23. Robert incorporates and realleges all previous allegations.

24. At all relevant times, Robert was employed by CBRE, became a covered individual under the Plan and the Policy, and remained continuously employed until his disability rendered him unable to work in his regular occupation as a Global Director of Safety on December 17, 2021.

25. Robert timely submitted a claim for LTD benefits.

26. Robert claimed disability for fibromyalgia, cervical stenosis, radiculopathy, osteoarthritis, neuroma in the left foot, polycythemia vera, chronic pain, history of

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

hematochezia, history of knee injuries, pain in both knees, neck pain, heat intolerance, and fatigue.

27. NYLIC paid all of Robert's STD benefits from December 17, 2021 to March 17, 2022.

28. NYLIC paid all of Robert's own occupation benefits from March 18, 2022 to March 17, 2024.

29. NYLIC paid a portion of Robert's any occupation benefits from March 18, 2024 to July 17, 2024.

30. During this time, NYLIC concluded that Robert could not perform his regular occupation as a Global Director of Safety.

31. From the inception of benefits through July 17, 2024, NYLIC maintained that Robert could ***not*** perform his own occupation.

32. Yet, in its denial, NYLIC concluded Robert could perform his own occupation and did not identify any other occupation that Robert could perform.

33. Robert remains unable to perform the material duties of his regular occupation, or any occupation, including the following duties:

- Working a regular, 40-hour work week;
- Regularly perform safety inspections, safety hazard assessments, and safety investigations in the field; and
- Consistently perform work activities due to mobility issues, chronic pain, and fatigue with exertion.

34. Robert cannot perform the material duties of any occupation for which he is or may reasonably become qualified for based on education, training, or experience.

35. On July 10, 2024 NYLIC closed Robert's claim, indicating that benefits were not payable beyond July 17, 2024.

36. Robert timely submitted his appeal on January 10, 2025.

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

37. Following Robert's appeal, NYLIC hired consultants to conduct paper reviews of Robert's records and determine whether he could work.

38. On February 19, 2025, a NYLIC orthopedic surgery consultant, Dr. Arash Yaghoobian, submitted an evaluation of Robert's records. Dr. Yaghoobian concluded that Robert could work 40 hours per week and without severe limitations.

39. On February 25, 2025, a NYLIC internal medicine consultant, Dr. Hossein Molazadeh, submitted an evaluation of Robert's records. Dr. Molazadeh concluded that Robert could work 30 hours per week, 6 hours per day, and with restrictions.

40. On March 5, 2025, Dr. Yaghoobian submitted an addendum after reviewing new records. Dr. Yaghoobian concluded that his opinions had not changed.

41. On March 14, 2025, Dr. Molazadeh submitted an addendum after reviewing new records. Dr. Molazadeh concluded that his opinions had not changed.

42. On March 18, 2025, a NYLIC vocational rehabilitation specialist, Darci Bakos, conducted a transferable skills analysis. Ms. Bakos determined that Robert's occupation as Global Director of Safety was most similar to a Safety Manager, DOT Code 012.167-058. Ms. Bakos concluded that Robet could perform his occupation and another occupation, Environmental Health and Safety Director, eDOT Code 012.167-024.

43. Robert submitted a response to the conclusions of NYLIC's consultants on March 31, 2025.

44. NYLIC issued its final denial on April 17, 2025, and notified Robert that it would take no further action.

45. Robert provided proof of his debilitating medical conditions. In addition, Robert provided NYLIC with numerous statements of support from treating physicians and extensive medical records that support his disability, dating back to 2018. Robert became disabled on December 17, 2021, and remains unable to perform the material duties of any occupation for which he is or may reasonably become qualified for based on education, training, or experience.

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

46. Robert has satisfied the jurisdictional prerequisites to filing a claim in federal court and has exhausted any available administrative remedies.

47. NYLIC's denial of Robert's LTD benefits was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence, and clearly erroneous. Evidence of NYLIC's conflict includes, but is not limited to:

a) Concluding that Robert was able to return to his occupation despite his ongoing symptoms associated with conditions causing chronic pain and mobility problems.
b) Relying on the opinions of non-treating providers who disregarded and downplayed Robert's complaints.
c) Relying on the opinions of non-treating physicians who have not examined Robert.
d) Relying on a vocational analysis that incorrectly characterizes the physical demands of Robert's occupation.
e) Misconstruing and oversimplifying the demands of Robert's occupation.
f) Concluding Robert was able to work a 40-hour work week, given his chronic pain and the numerous conditions responsible for causing it, without considering whether he can perform any occupation reliably and consistently due to the progressive nature of his disease and the fact that activity exacerbates it.
g) Cherry-picking evidence that supports the denial rather than giving equal weight to evidence that supports payment of the claim.

48. Robert is entitled to 60% of his Monthly Earnings, $6,330.36, from December 17, 2021, until he reaches 65.

49. Under the coverage provided in the Plan, to ERISA 29 U.S.C. § 1132(a)(1)(B), and applicable federal and state common law, Robert is entitled to recover all benefits due under the terms of the Plan and to enforce his rights under the terms of the Plan.

50. Robert is entitled to recover his attorneys' fees and costs incurred herein from the Plan and NYLIC under 29 U.S.C. § 1132(g).

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

51. Robert is entitled to prejudgment interest at the highest legal rate on the benefits he is entitled to according to A.R.S. § 20-462.

WHEREFORE, Robert prays for entry of judgment against Defendants as follows:

A. For all past benefits due to Robert under the terms of the Plan;

B. For an award of Robert's attorneys' fees and costs incurred;

C. For an award of prejudgment interest on Robert's benefits and damages at the highest legal rate until paid; and

D. For such other and further relief as the Court deems just and reasonable.

Dated this 23rd day of February 2026.

SCHIFFMAN LAW OFFICE, P.C.

By: ______________________________
Lisa J. Counters